UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER EUGENE HYMES,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN, Warden<br><br>Respondent. | Case No. 1:15-cv-01781-MJS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Respondent Andre Matevousian is represented by Michael G. Tierney of the United States Attorney's Office, Eastern District of California. The parties have consented to the jurisdiction of a Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c)(1). (ECF Nos. 4, 6.)

Petitioner filed the instant petition for writ of habeas corpus on November 25, 2015. (Pet., ECF No. 1.) He contends that the Bureau of Prisons unlawfully denied him credit for time served in state prison. On May 23, 2016, Respondent filed a response to the petition, arguing that the petition is moot and, alternatively, that it is without merit. (ECF No. 11.) Petitioner filed no traverse and the time for doing so has passed. The

matter is submitted.

## I. Factual and Procedural History

At the time of filing his petition, Petitioner was in federal custody at United States Penitentiary, Atwater, pursuant to a judgment of the District Court for the Western District of Missouri, convicting him on three counts of bank robbery and sentencing him to a 150-month prison term and 3 years of supervised release. (ECF No. 11-1 at 6.) However, his claims relate to criminal proceedings that preceded his time in federal custody. That background is as follows:

> On August 10, 2005, Hymes pled guilty, pursuant to a plea agreement with the government, to three separate counts of robbery of an FDIC insured financial institution in violation of 18 U.S.C. § 2113(a). On November 28, 2005, [the United States District Court for the Western District of Missiouri] sentenced Hymes to 150 months, the high-end of the advisory guidelines range, along with three years of supervised release and restitution in the amount of $31,494.92. On December 5, 2005, [the District Court] issued an Amended Judgment and Commitment, correcting the "Additional Conditions of Supervised Release."
>
> On December 15, 2005, in a separate proceeding in St. Louis County Circuit Court, Hymes pled guilty to two separate bank robberies, receiving concurrent ten-year sentences. The state court judge ordered that Hymes's sentences in the state cases be served concurrent with his federal sentence and that he was to be remanded to the "Federal Department of Corrections from whence he came." However, contrary to the state court's order, Hymes was turned over to the Missouri Department of Corrections.

Hymes v. United States of America, No. 07-4106-CV-C-NKL-P (W.D. Mo. Sept. 21, 2007); see also Petition, ECF No. 1 at 10-11.

Petitioner filed a motion in the Western District of Missouri, challenging his sentence calculation pursuant to 28 U.S.C. § 2255, after he learned that his federal sentence had not started to run while he was in state custody. He sought credit toward his federal sentence for time served in state prison. The § 2255 motion was denied on the ground that the claims were unexhausted and, in any event, should have been

brought pursuant to § 2241. Id.

On June 18, 2009, Petitioner submitted a Request for Informal Resolution to the Bureau of Prisons ("BOP"). (ECF No. 1 at 21-22.) His request was denied on the ground it could not be informally resolved. (Id. at 23.) Petitioner was advised to pursue the BOP's Administrative Remedy process.

On August 11, 2009, BOP received Petitioner's Request for Administrative Remedy. (Id. at 24.) The Warden responded on August 26, 2009 as follows:

> The Credit which you request is precluded under Title 18:3583(b) at this time. Your request has been forwarded to the Designation and Sentence Computation Center (DSCC), for review and determination in accordance with Bureau of Prisons' Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. You will be advised on the Bureau of Prisons' determination upon completion of the review.

(Id. at 26.)

On November 9, 2009, Petitioner's appeal was received by the South Central Regional Office. (Id. at 28.) On December 31, 2009, the Regional Office denied relief as follows:

> Investigation reveals you were arrested by state of Missouri law enforcement officials on July 2, 2004, for robbery charges. Prior to being sentenced by the state, you were transferred to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus Ad Prosequendum based on pending federal charges. On November 28, 2005, you were sentenced in the Western District of Missouri to a 150-month term of imprisonment for three counts of Bank Robbery. Your federal Judgment and Commitment Order was silent as to the service of your federal sentence; thus it was appropriately calculated as consecutive to your state term. After sentencing, you were returned to state custody. On December 15, 2005, you were sentenced to a 10-year term of imprisonment for Second Degree Robbery to be served in the Missouri Department of Corrections. On January 5, 2009, you paroled from your state sentence to USMS custody at which time you were designated and delivered to the Bureau of Prisons for service of your federal term.


> Title 18 U.S.C. § 3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award credit toward your federal sentence that was applied to your state term would be contrary to the intent of this statute. Contact with state of Missouri officials has confirmed you received credit on your state sentence from the date of your arrest on July 2, 2004, through January 5, 2009, the date you paroled.
>
> In addition, Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, states time spent under a writ of habeas corpus from non-federal custody will not, in itself, be considered for the purpose of custody credit. The primary reason for custody is not the federal charge. It is considered the federal court "borrows" an individual under the provisions of the writ for the purpose of the court appearance. Additionally, production of a defendant via a federal Writ of Habeas Corpus Ad Prosequendum does not shift the primary jurisdiction of custody to the federal authorities. After the writ is satisfied, the USMS must return the "loaned" defendant back to the state. The statement on the federal judgment indicating the defendant is remanded to the custody of the USMS does not override the conditions of the writ.
>
> Based on a review of your sentence computation and the information above, your federal sentence has been accurately computed in accordance with Bureau of Prisons policy and federal statute; therefore your appeal is denied.

(Id at 30-31.)

Petitioner's appeal was received by the BOP Central Office on January 29, 2010. (Id. at 32.) The Central Office denied the appeal on March 29, 2010. (Id.) The appeal reviewer relayed substantially the same facts as those set forth by the Regional Office, and stated:

> Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual – CCCA, states "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence."

4

> The time spent in state custody following the imposition of your state sentence and time spent on a Federal Writ of Habeas Corpus prior to receiving your federal sentence, was all applied towards your prior state sentence and can not be applied towards your current federal sentence.

(Id. at 35.)

## II.     Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in federal custody who can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner's claims are proper, if at all, under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).

Further, Petitioner is challenging the execution of his sentence at United States Penitentiary, Atwater. He brought this petition while confined at that institution, which is within the Fresno Division of the Eastern District of California. Under 28 U.S.C. § 2241, a habeas corpus action must be brought in the district where Petitioner is confined. Venue is therefore proper in this district. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

## III.    Exhaustion

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). Here, it appears that Petitioner has exhausted his administrative remedies. Respondent does not argue to the contrary.

**IV.    Review of Petition**

    **A.    Mootness**

Petitioner filed this petition while incarcerated. During the pendency of this action, he was released from custody and presently is serving a term of supervised release. (ECF No. 11-1 at 5.) Respondent contends that Petitioner's release from custody has rendered the petition moot, particularly where Petitioner has not stated that he wishes to pursue the only relief that remains available to him – a reduction in the term of his supervised release.

        **i.    Applicable Law**

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). This requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. Id. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A habeas petition is moot when the petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the court. See id. Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098. (9th Cir. 2000). When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

In some circumstances, a petitioner's release from custody will moot a habeas petition. See, e.g., Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) (dismissing a habeas corpus petition where the petitioner, who requested only release from custody, had been released); Kittel v. Thomas, 620 F.3d 949, 951-52 (9th Cir.2010) (dismissing as moot a petition challenging the denial of early release where the legal question had

been definitively resolved and there was no live, justiciable question remaining on which the parties disagreed); Pacheco-Lozano v. Benov, No. 1:13-cv-00526-AWI, 2014 WL 28805, at *3 (E.D. Cal. Jan. 2, 2014) (dismissing as moot challenge to state prison disciplinary proceeding on the ground Petitioner had been released). However, a petitioner generally can maintain a habeas petition, even following his release, if there is a "'possibility' that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2)." Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005).

In a case virtually indistinguishable from that presented here, the Ninth Circuit Court of Appeals held that a claim challenging the BOP's decision not to credit the petitioner for time served in state prison was not moot upon the petitioner's release from prison to supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010), abrogated on other grounds by Setser v. United States, 132 S. Ct. 1463 (2012). Specifically, the Ninth Circuit concluded that a sentencing court "could consider [the] alleged period of over-incarceration under 18 U.S.C. § 3583(e) as a factor weighing in favor of reducing the term of supervised release." Id. (citing United States v. Johnson, 529 U.S. 53, 60 (2000)).

### ii. Discussion

Petitioner was released from federal prison on December 15, 2015. (ECF No. 11-1 at 3, 5.) However, he had been sentenced to serve a three-year term of supervised release. (ECF No. 11-1 at 6.) Thus, it would appear that Petitioner presently remains on supervised release. Neither party presents evidence or argument to the contrary.

As stated, the Ninth Circuit has clearly held that a petition that seeks credit for time spent in state prison is not necessarily moot following a petitioner's release from prison to supervised release, because the "alleged period of over-incarceration" could be considered by the sentencing court as a "factor weighing in favor of reducing the term of supervised release." Reynolds, 603 F.3d at 1148. Reynolds is not distinguishable from

the instant case in any material way. Thus, under Reynolds and based on the facts presented, the Court cannot conclude that the instant petition is moot.

Respondent's citation to Combe v. Feather, No. C12-843-RSM, 2012 WL 5388887, at *2-4 (W. D. Wash. Aug. 8, 2012), is unavailing. As an initial matter, Combe is an unpublished decision issued by a district court. It is not binding. More significantly, Combe is distinguishable from the instant case. There, the petitioner claimed that he was unlawfully civilly committed following his term of incarceration and, as a result, asked the court to vacate his term of supervised release. Id. at *3. The court noted that, in Reynolds and other cases similarly concluding that release from prison does not render a petition moot, "there appeared a realistic possibility that a sentencing court might use its discretion to reduce a term of supervised release." Id. at *4. However, in Combe, there was no such possibility: the petitioner's claims already had been rejected by the sentencing court and, in any event, the petitioner had waived, through a negotiated settlement agreement with the United States, his right to pursue a collateral attack on his term of supervised release. Id. Thus, no relief remained available to petitioner. No such facts are presented in the instant case.

Accordingly, it appears that at least some relief remains available to Petitioner and the petition is not moot. The Court will proceed to the merits of Petitioner's claims.

**B.    Merits**

Petitioner contends that he is entitled to credit toward his federal sentence for time served in state prison because that was the intent of the state sentencing judge. He further contends that he is entitled to credit toward his federal sentence for time served when he was transferred to federal custody for federal proceedings via a writ of habeas corpus ad prosequendum.

**i.    Applicable Law**

In general, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C.

§ 3584(a). "A court has the discretion, however, to order that multiple terms of imprisonment run concurrently when the court is imposing multiple terms on a defendant at the same time or is sentencing a defendant already subject to an undischarged term of imprisonment." Reynolds, 603 F.3d at 1148-49 (citing 18 U.S.C. § 3584). A district court also has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed. Setser v. United States, 566 U.S. 231, 235-36 (2012). However, "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002) (citation omitted). A state court has no control over a federal sentence. United States v. Yepez, 704 F.3d 1087, 1091 (9th Cir.2012) (en banc) (per curiam).

"Once the district court has discharged its sentencing function, the defendant is committed to the custody of the BOP, which has the authority to calculate the defendant's sentences in accordance with the district court's orders, as well as to designate the facility for service of such sentences." Reynolds, 603 F.3d at 1149. A federal sentence "commences on the date the defendant is received in custody" at the "official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

The BOP has the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP has interpreted 18 U.S.C. § 3621(b) as authorizing it to designate a state prison as the facility for concurrent service of a federal sentence "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." BOP Program Statement 5160.05 (January 16, 2003). Thus, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." Id. The BOP also may consider an inmate's request for "pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a

1 request for a nunc pro tunc designation." Id. However, the BOP has "no obligation . . . to grant the request by designating a state institution retroactively as the place to serve the federal sentence." Id. The Ninth Circuit has approved these procedures as being within the BOP's authority. Taylor, 284 F.3d at 1148-49.

### ii. Discussion

To the extent Petitioner contends that the BOP was required to comply with the directive of the state sentencing court and thereby run his federal sentence concurrently with his state sentence, he is mistaken. The Ninth Circuit has clearly held that such statements by state court judges are "nothing more than recommendations to federal officials." Taylor, 284 F.3d at 1150. The BOP has discretion to ignore such statements and "to decline to make a nunc pro tunc designation of a state prison notwithstanding a state court's contrary order." Reynolds, 603 F.3d at 1151. "The BOP was under no obligation to follow the allegedly expressed wishes of the state court[.]" Taylor, 284 F.3d at 1150.

To the extent Petitioner contends that BOP erroneously failed to credit him for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, he also is mistaken.  A review of the docket in his federal case reflects that petitioner was under the primary jurisdiction of the state of Missouri prior to being transferred to temporary federal custody on April 4, 2005 via the writ. United States v. Hymes, 2:04-cr-04049-SRB-1 (W.D. Mo.), ECF Nos. 4, 5, 17. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.1980) ("Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration."). Petitioner subsequently was returned to state custody. In such circumstances, the state has primary jurisdiction over the prisoner, even while he is under temporary federal custody pursuant to the writ. Thomas v. Brewer, 923 F.2d 1361, 1365-1369 (9th Cir. 1991). It appears that Petitioner received credit toward his state sentence for this time (see ECF No. 30), and Petitioner does not argue otherwise. Petitioner is not entitled to

10

credit toward his federal sentence for this time. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.")

Petitioner does not present any other argument or evidence to suggest that the BOP's determination was arbitrary, capricious, an abuse of discretion, or contrary to law. See Reynolds, 603 F.3d at 1152. Rather, his arguments appear to be premised entirely on his misunderstanding of the applicable law as discussed herein. Accordingly, he is not entitled to relief on his claims.

## III. Conclusion and Order

Based on the foregoing, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED with prejudice; and
2. The Court declined to issue a certificate of appealability.[1]

IT IS SO ORDERED.

Dated: __July 25, 2017__   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

---

[1] Because petitioner is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not required. See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.")